# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| **Jason Willoughby,** )<br>  )<br>**Plaintiff,** )<br>  )<br>v. )<br>  )<br>**TransUnion, LLC,** )<br>  )<br>**Defendant.** )<br>_____ ) | Civil Action No.:_____<br><br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

1. This is an action brought by Plaintiff, Jason Willoughby, for actual, statutory and punitive damages, attorneys' fees, and costs for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq, (hereinafter "FCRA").

2. The FCRA exists to protect consumers' privacy and to impose upon those who trade in consumers' private information strict requirements to ensure that the information they report is as accurate as possible.

3. The FCRA likewise demands that consumers' disputes of inaccurate information be taken seriously by the consumer reporting agencies and furnishers of information, requiring that they do much more than simply pass information between themselves electronically without actually investigating the substance of a consumer's dispute and consider all information available in conducting such investigations.

## JURISDICTION AND VENUE

4. This Court has Jurisdiction under 15 U.S.C. §1681p, and 28 U.S.C. §1331. Florence County at all times relevant to the claims asserted herein.

## PARTIES

5. Plaintiff, Jason Willoughby, is a resident and citizen of the State of South Carolina, Florence County, and is over the age of twenty-one (21) years. Plaintiff Jason Willoughby is a consumer as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

6. Defendant TransUnion, LLC ("TransUnion") is a Delaware company registered to do business in South Carolina with the South Carolina Secretary of State. Defendant may be served with process through its registered agent for service of process, The Prentice-Hall Corporation System, Inc., 1703 Laurel St., Columbia, SC 29201. At all times and in all respects relevant herein, Defendant was doing business in the state of South Carolina and in this division.

7. Defendant Trans Union is a "consumer reporting agency" as that term is defined by the FCRA, 15 U.S.C. §1681a(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

8. Defendant Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

9. In 2015, Plaintiff was the holder of a Visa card through First Citizens Bank. In or around 2015, unbeknownst to Plaintiff, Plaintiff's girlfriend made numerous charges to the credit card, charging upwards of $10,000. Unable to make the minimum payments, Plaintiff stopped making the monthly payments.

10. In 2015, the account was charged off in the amount of $10,376.

11. Thereafter, Plaintiff received a settlement letter from First Citizen's attorney, Smith Debnam, stating that if Plaintiff paid $8,800, First Citizens Bank would forgive the

balance owed.

12. On May 4, 2016, Plaintiff sent a cashier's check to Smith Debnam in the amount of $8,800, made payable to First Citizens Bank as payment in full on the First Citizens Bank Visa account.

13. On or about May 6, 2016, Plaintiff received a letter from Smith Debnam confirming that Plaintiff had satisfied his account with First Citizens Bank & Trust Co., account number **********6386. The letter stated the judgment entered, if any, would be cancelled and no further claim would be made on the matter.

14. Plaintiff also received a 2016 1099-C, corrected as of September 13, 2017, from First Citizens Bank Trust Company, reflecting the cancellation of personal credit card debt in the amount of $1,576.36.

15. More than three years later, in August of 2019, Plaintiff was in the market to purchase a $40,000 RV and applied for a loan to effectuate purchase of same. Plaintiff unfortunately was denied the loan due to a charged off account appearing on his credit. Plaintiff was told that with his credit score, he would only be able to obtain a loan in the amount of $1,400.

16. Thereafter, Plaintiff telephoned First Citizens to verify that the account had been, in fact, paid off.

17. On or about August 15, 2019, Plaintiff received a letter from First Citizens Bank concerning original account no. 4701684133315841/charged-off account no. 910000546386. The letter stated the account was settled for less than the full balance due on May 4, 2016, and that there was a $0.00 balance. The letter also stated First Citizens Bank notified Experian, Equifax and TransUnion the debt was settled and requested Plaintiff's credit file be updated.

18. On or about August 21, 2019, Plaintiff received a copy of his credit report from TransUnion. Plaintiff discovered a FST Citizens Bank account, Account #470168413331****, was reporting as settled - less than full balance; paid in full/was a charge off. TransUnion was also reporting the account as having a maximum delinquency of 120 days in July of 2019. This reporting was inaccurate as the account had no delinquency after May 2016 when it was settled.

19. As a result of the above described actions, Plaintiff's credit score dropped by 72 points.

20. On or about October 10, 2019, Plaintiff mailed, via certified mail, a dispute letter to TransUnion. Plaintiff stated in his letter to Defendant that the account was paid in full after charge off on May 4, 2016, and that because the account was paid off in 2016, there were no 30, 60, 90, or 120 days late payments in 2019. Plaintiff asked TransUnion to correct this information as he was denied a loan because of the incorrect information being reported.

21. On or about October 23, 2109, Plaintiff received the results of Trans Union's alleged reinvestigation. Trans Union verified the disputed account was reporting accurately and continued to report the "Fst Citizens Bank #470168413331" account as settled - less than full balance; paid in full/was a charge off. Trans Union also continued to report the account as having a maximum delinquency of 120 days in July of 2019.

22. On or about November 12, 2019, Plaintiff mailed, via certified mail, a second dispute letter to TransUnion. Again, Plaintiff informed TransUnion that the account was settled in full in 2016, and that it was wrongfully reporting as 30, 60, 90, and 120 days late in 2019. Plaintiff requested TransUnion to correct the erroneous information and enclosed a letter from First Citizens Bank dated August 15, 2019, confirming that the account had been paid off in 2016. Plaintiff again stated he was being denied credit due to this incorrect information.

23. On or about November 23, 2019, Plaintiff received the results of TransUnion's alleged reinvestigation. Trans Union verified the disputed account information was reporting correctly. As a result, the First Citizens account continued to be inaccurately reported on Plaintiff's Trans Union credit report.

24. On or about December 18, 2019, Plaintiff mailed, via certified mail, a third dispute letter to TransUnion. Plaintiff enclosed a copy of his second dispute letter previously mailed to TransUnion, together with a copy of the May 6, 2016, letter from the law firm of Smith Debnam stating that he had satisfied the account with First Citizens Bank. Plaintiff also enclosed a copy of a 1099 from First Citizens Bank showing the cancellation of any remaining balance.

25. Plaintiff did not receive a response from Trans Union to his December 18, 2019, dispute letter.

26. On or about December 25, 2019, Plaintiff received a new copy of his Trans Union credit report. In this report, the First Citizens account continued to be inaccurately reported with two 30-day lates in February and March, 2019, a 60-day late in May, 2019, a 90-day late in June, 2019, and a 120-day late for July, 2019. The account showed a date paid of April 19, 2016, but continued to show the maximum delinquency of 120 days occurred in July 2019.

27. Trans Union's reporting of the account is inaccurate as there was no delinquency in 2019.

28. Regardless of the results of Plaintiff's disputes to Trans Union, Trans Union never noted on Plaintiff's reports that the account was in dispute.

29. Trans Union had knowledge of the inaccuracies in Plaintiff's consumer reports and deliberately chose to ignore them and permit the ongoing reporting of the inaccurate First Citizens account.

30. Trans Union received each of Plaintiff's disputes, but each time wholly and entirely failed to conduct the reinvestigations required by law. Instead, Trans Union merely "parroted" the information dictated to it by First Citizens or ignored the dispute altogether.

31. Trans Union prepared and published to third parties multiple inaccurate consumer reports about Plaintiff that reflected the derogatory, inaccurate First Citizens account.

## COUNT ONE
### (Fair Credit Reporting Act)

32. The Plaintiff adopts the averments and allegations of paragraphs 9 through 31 hereinbefore as if fully set forth herein.

33. Defendant maintains and distributes credit data files on the Plaintiff's credit. Defendant willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq., including but not limited to: (a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b); and (b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

34. The Plaintiff further alleges that Defendant repeatedly failed to delete and suppress erroneous, false, misleading, and/or inaccurate information from the Plaintiff's credit file.

35. Due to Defendant's willful failure to comply with the requirements of the Fair Credit Reporting Act, the Plaintiff is entitled to statutory damages.

36. As a result of Defendant's willful violations of the FCRA, the Plaintiff suffered, continues to suffer, and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to his credit reputation, out of pocket expenses, worry, anxiety, physical sickness, physical pain, stress, headaches, loss of sleep, distress, frustration, embarrassment, and humiliation. Plaintiff is entitled to actual damages in an amount to be determined by the jury.

37. In addition, the Plaintiff has incurred litigation expenses, and attorneys' fees which, but for the acts and omissions of Defendant alleged herein, would not have been necessary.

38. Further, Defendant's acts and omissions were willful and demonstrate a reckless disregard for the Plaintiff's rights. Therefore, Defendant is liable to the Plaintiff for punitive damages in an amount to be determined by the jury.

39. Plaintiff is entitled to his attorney fees, pursuant to 15 U.S.C. §1681n(a).

## **COUNT TWO**
**(Fair Credit Reporting Act)**

40. The Plaintiff adopts the averments and allegations of paragraphs 9 through 39 hereinbefore as if fully set forth herein.

41. Defendant negligently failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq., including but not limited to: (a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b); and (b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

42. Defendant repeatedly failed to delete and suppress erroneous, false, misleading, and/or inaccurate information from the Plaintiff's credit file.

43. As a result of Defendant's negligent violations of the FCRA, the Plaintiff has suffered, continues to suffer, and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to his credit reputation, out of pocket expenses, worry, anxiety, physical sickness, physical pain, stress, headaches, loss of sleep, distress, frustration, embarrassment, and humiliation. Plaintiff is entitled to actual damages in an amount to be determined by the jury.

44. In addition, the Plaintiff has incurred litigation expenses and attorneys' fees which, but for the acts and omissions of Defendant alleged herein, would not have been necessary.

45. Plaintiff is entitled to his attorney fees, pursuant to 15 U.S.C. §1681o(a)(2).

## **AMOUNT OF DAMAGES DEMANDED**

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against Defendant for the following:

A. Actual and statutory damages from Defendant pursuant to 15 U.S.C. §1681n(a)(1)(A) and/or 15 U.S.C. §1681o(a)(1);

B. Punitive damages from Defendant pursuant to 15 U.S.C. §1681n(a)(2);

C. Costs and reasonable attorney's fees from Defendant pursuant to 15 U.S.C. §1681n(a)(3) and/or 15 U.S.C. §1681o(a)(2); and

D. For such other and further relief as the Court may deem just and proper.

*/s/ Penny Hays Cauley*
Penny Hays Cauley, Fed. ID No. 10323

*/s/ William K. Geddings*
William K. Geddings, Fed. ID No. 12584
Attorneys for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
1303 West Evans Street
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com
will@hayscauley.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

*/s/ Penny Hays Cauley*
Of Counsel

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL:**

TransUnion, LLC
c/o The Prentice-Hall Corporation system, Inc.
1703 Laurel St.
Columbia, SC 29201